IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES W. BOLT                                                                      PLAINTIFF

V.                                    CASE NO. 5:20-CV-05029

ROBERT CESSARIO, Federal Bureau of Investigation           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This is a civil rights action filed by Plaintiff, James W. Bolt, pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Mr. Bolt filed his Complaint on February 5, 2020. (Doc. 1). His application to proceed *in forma pauperis* was granted on February 26, 2020. (Doc. 6). Mr. Bolt is a federal prisoner currently incarcerated in the Fort Worth Federal Medical Center in Fort Worth, Texas.

The Complaint names Robert Cessario, an agent with the Federal Bureau of Investigation ("FBI"), as the sole Defendant. Mr. Bolt alleges that Mr. Cessario violated his constitutional rights when Mr. Cessario destroyed various documents and items of electronically stored information that were ordered to be produced in discovery in Mr. Bolt's civil habeas suit.

The Complaint sets forth three causes of action. In Claim One, Mr. Bolt alleges that Mr. Cessario "on or about December 19, 2016 and continuing through the present," intentionally deprived him of the right to due process . . . when he concealed official misconduct by destroying the ESI [electronically stored information] contained on a laptop computer issued him by the FBI for official use, and did so in order to evade compliance with a lawful order of this Court to produce various ESI . . . ." (Doc. 1 at p. 5).

In Claim Two, Mr. Bolt alleges that "on or about December 19, 2016 and continuing through the present, Defendant Robert Cessario altered, concealed, destroyed or tampered with ESI that he was, as an assigned case agent in civil litigation in Bolt v. United States, Id., lawfully required to surrender up and deliver, and concealed his data tampering and intentional delivery of altered ESI by wiping and erasing the hard drive storage device in his FBI issued laptop computer." *Id.* at p. 6.

In Claim Three, Mr. Bolt contends that from "Defendant 19, 2016 through September 30, 2017, Defendant Robert Cessario provided intentionally false, misleading and incomplete answers to interrogatories propounded to the United States when claiming he could not ascertain or identify various names of FBI agents, contractors or lawyers. He did so in bad faith and for the purpose of denying and depriving Plaintiff of . . . rights under the Fifth Amendment . . . ." *Id.*

With respect to damages, Mr. Bolt claims he suffered the following injuries as a result of Mr. Cessario's conduct: "loss of property; adversely affected Plaintiff's rights in civil litigation where a liberty interest was thwarted, and . . . related emotional distress and harm." *Id.* at p. 7. Plaintiff is suing Defendant Cessario pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He is seeking

compensatory damages in the amount of $10,000,000, punitive damages in the amount of $5,000,000, and "pre and post judgment interest at the maximum rate allowed by law (if any), compounded annually." *Id.*

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Mr. Bolt asserts that Mr. Cessario, a federal official who worked for the FBI, violated his constitutional rights. The Supreme Court held in *Bivens* that when "a federal agent acting under color of his authority" violates the Constitution, the agent's victim may recover damages against the agent. *Bivens*, 403 U.S. at 389.

3

On April 9, 2017, Mr. Bolt filed a civil complaint in this Court raising almost identical claims against Mr. Cessario and two United States Attorneys. *See* Case No. 5:19-CV-5068, Doc. 1. The Court dismissed the claims against the United States Attorneys with prejudice because, as prosecutors, they were immune from suit. (Case No. 5:19-CV-5068, Doc. 12, pp. 4-5). The Court dismissed the claims against Mr. Cessario without prejudice after noting that Mr. Bolt made similar objections and filed motions about alleged discovery abuses by Mr. Cessario in the context of a habeas petition (filed in Case No. 5:13-CR-50085). The Court overruled all of Mr. Bolt's objections and motions in the habeas case and denied habeas relief. *See* Case No. 5:13-CR-50085, Doc. 157.

As the Court explained in its Order of Dismissal in Case No. 5:19-CV-5068—concerning claims identical to the ones asserted here—Mr. Bolt "may not utilize this civil rights case to circumvent his criminal appeal. The appellate process provides the appropriate avenue through which Plaintiff may seek redress for any purported irregularities in how the prosecutors or witnesses responded or failed to respond to discovery orders during his § 2255 proceeding." *Id.* at p. 5. The Court dismissed Case Number 5:19-CV-5068 without prejudice in June of 2019, and that dismissal was affirmed on appeal. *See* Case No. 5:19-CV-5068, Doc. 21-1. The Court hereby dismisses the instant lawsuit for the same reasons given for dismissal in Case No. 5:19-CV-5068.

## IV. CONCLUSION

Upon initial screening of the Complaint pursuant to the PLRA, **IT IS ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**. The Court **CERTIFIES** under 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal would not be taken in good faith.

**IT IS SO ORDERED** on this $\underline{10^{th}}$ day of March, 2020.

_____

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE